<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **D.H.**,<br><br>Plaintiff,<br><br>v.<br><br>**COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION**,<br><br>Defendant. | Civil Action No. 25-1385 (ZNQ)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon D.H.'s ("Plaintiff") appeal of the Social Security Administration's ("Defendant") December 12, 2024 denial of Plaintiff's request for Disability Insurance Benefits and Supplemental Security Income under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* ("Compl.," ECF No. 1.) The Court has jurisdiction to review this appeal under 42 U.S.C. §§ 405(g) and 1383(c) and reaches its decision without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

After reviewing the parties' submissions and the Administrative Record ("AR," ECF No. 5), the Court finds that the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and properly within the ALJ's decision-making authority. Accordingly, the decision to deny Plaintiff DIB will be **AFFIRMED**.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

A.      **PROCEDURAL HISTORY**

Plaintiff filed her initial claim for DIB on September 29, 2021, alleging an onset date of disability of January 1, 2019, due to anxiety; joint, back, and leg pain; high blood pressure; hypothyroidism; sleep apnea; and difficulty sleeping and concentrating.  (AR 63.)  She later testified that she also suffered from migraine headaches and bladder pressure that caused urinary frequency.  (*Id.* at 46–50.)  This claim was denied initially, and thereafter on reconsideration.  (*Id.* at 17.)

Plaintiff then requested a hearing before an ALJ to review the application de novo.  (*Id.* at 21.)  On December 12, 2023, the ALJ held a hearing at which Plaintiff and Mr. Rocco Meola, an impartial vocational expert, testified.  (*Id.* at 36–59.)  After the hearing, the ALJ denied Plaintiff's DIB, concluding that she was "not disabled under sections 216(i) and 223(d) of the Social Security Act."  (*Id.* at 29.)

On February 21, 2025, Plaintiff filed the instant action, alleging in the Complaint that she is disabled and that the ALJ's findings and conclusions "are not supported by substantial evidence and are contrary to law, regulation, and due process."  (Compl. ¶ 8.)  In support of her complaint, Plaintiff filed an Appeal Brief.  ("Appeal Br., ECF No. 8.)

B.      **BACKGROUND: ALJ DECISION**

In denying Plaintiff's DIB application, the ALJ followed the well-known five-step sequential evaluation process for determining whether an individual is disabled under the Social Security Act.  (AR at 18–29.)  At step one, the ALJ found that Plaintiff had "not engaged in substantial gainful activity during the period from her alleged onset date of January 1, 2019, through her date last insured of December 31, 2023."  (*Id.* at 19.)

At step two, the ALJ found that Plaintiff had the severe impairments of "scoliosis and obesity." (*Id.*)  The ALJ also determined that Plaintiff had several non-severe impairments, including "hypothyroidism, hypertension, hypertopia, sleep apnea, migraine aura without headaches, lattice degeneration of the left eye retina, depressive disorder, and anxiety disorder." (*Id.*)

At step three, the ALJ found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.* at 23.)

At step four, the ALJ reviewed Plaintiff's medical history and other evidence in the record, ultimately finding that Plaintiff "had the residual functional capacity to perform medium work" with certain limitations. (*Id.* at 24.)  Specifically, the ALJ found that Plaintiff could "frequently balance, kneel, stoop, crouch, and climb ramps and stairs; occasionally crawl and climb ropes, ladders, or scaffolds; occasionally be exposed to unprotected heights or hazardous machinery; and frequently reach, finger, and handle." (*Id.*)  Additionally, the ALJ indicated that Plaintiff "must be able to wear light filtering lenses during work hours and have proximate access to restroom facilities." (*Id.*)

At step five, the ALJ discussed Plaintiff's past relevant work as a home health aide and determined that such work "did not require the performance of work-related activities precluded by the claimant's residual functional capacity." (*Id.* at 27.)  Nonetheless, the ALJ evaluated Plaintiff's age, education, work experience, and residual functional capacity and determined that Plaintiff "was capable of making a successful adjustment to other work that existed in significant numbers in the national economy." (*Id.* at 29.)  Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. (*Id.*)

## II.   <u>SUBJECT MATTER JURISDICTION</u>

This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g), which authorizes judicial review of final decisions of the Commissioner of Social Security.

## III.   <u>LEGAL STANDARD</u>

### A.   STANDARD OF REVIEW

On appeal, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001).  In reviewing applications for social security disability benefits, the district court has the authority to conduct a plenary review of legal issues decided by the ALJ.  *See Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).  To survive judicial review, the Commissioner's decision must be supported by substantial evidence.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 401 (citing *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  In other words, substantial evidence "may be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its] own conclusions for those of the fact-finder."  *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotations omitted).  Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence in the record. *See Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).  The court must "review the record as

4

a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999)).  And "[s]ince it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason," courts require "an explanation from the ALJ of the reason why probative evidence has been rejected" to determine whether the reasons for rejection were improper.  *Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir. 1981) (citation modified).

## B.    APPLICABLE LAW

The Social Security Act defines "disability" as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  The Act further states,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute.  *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v).  "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).  The analysis proceeds as follows:

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. *See* 20 C.F.R. § 404.1520(b). If so, the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's RFC and analyze whether the plaintiff can perform past relevant work. *See* 20 C.F.R. § 404.1520(e). Under C.F.R. § 404.1545, a claimant's RFC is "the most [he or she] can do" despite limitations "that affect what [he or she] can do in a work setting." 20 C.F.R. § 404.1545(a)(1). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. *See* 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the final step.

At step five—the final step—the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520(g). If the ALJ determines

that the plaintiff can do so, then the plaintiff is not disabled.  Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

## IV.   DISCUSSION

On appeal, Plaintiff argues that: (1) the ALJ erred by failing to evaluate Plaintiff's headache impairment under SSR 19-4p; (2) the ALJ's determination that multiple medically determinable impairments were non-severe was erroneous; and (3) the ALJ failed to account for time off-task. Each argument will be addressed in turn below.

### A.   HEADACHE IMPAIRMENT

At step two, the ALJ considered Plaintiff's migraine headaches.  (AR at 20–21.)  The ALJ explained that Plaintiff was evaluated by a neurologist in August 2022.  (*Id.* at 20.)  Plaintiff indicated that she had suffered for years from headaches with visual auras and associated with light sensitivity.  (*Id.*)  Plaintiff explained that the headaches were intermittent, as she has gotten headaches that lasted for two days and, at other times, she went a month without a headache.  (*Id.* at 20–21.)  Plaintiff treats her headaches with Excedrin and prescription medication.  (*Id.* at 21.) As such, the ALJ determined that no residual effect or impairment of the claimant's migraines were reflected in the record and that Plaintiff's migraines were not severe.  (*Id.* at 21.)  Notably, the ALJ limited Plaintiff's RFC to roles permitting her to wear light filtering lenses.  (*Id.* at 24.)

Plaintiff asserts that the ALJ failed to address her migraines at step three under SSR 19-4p, which she argues is the "appropriate regulation."  (Appeal Br. at 13.)  If migraines are considered severe at step two, then the ALJ considers equivalence to Listing 11.02.  But, because Plaintiff's migraines were not classified as a severe impairment, the ALJ did not proceed to step three and apply the listings.  *See* 20 C.F.R. § 404.1525 (an impairment that is non-severe cannot meet the

heightened burden at step three of being so severe to preclude all work activity regardless of vocational profile); *Wisniewski v. Berryhill*, Civ. No. 16-1774, 2018 WL 338609, at *3 (W.D. Pa. Jan. 9, 2018) ("If an impairment is non-severe, the ALJ is not required to consider it when he applies the listings.") (citing *Pritchett v. Astrue*, 220 F. App'x. 790 (10th Cir. 2007)).  The ALJ was not required to address Plaintiff's migraines at step three.  Accordingly, the ALJ did not err when he did not evaluate Plaintiff's headache impairment under SSR 19-4p.

### B.      SEVERITY OF IMPAIRMENTS

Next, Plaintiff argues that the ALJ erred by classifying her sleep apnea, anxiety, and depression as non-severe impairments at step two.  (Appeal Br. at 16–22.)  Defendant asserts that the ALJ followed the applicable regulatory scheme and that the ALJ's decision is supported by substantial evidence.  (Opp'n Br. at 4.)

An impairment is "severe" at step two if it "significantly limit[s an individual's] physical or mental ability to do basic work activities."  20 C.F.R. § 404.1522(a); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).  The Third Circuit has described step two as a "*de minimis* screening device" used to weed out meritless claims.  *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004).  Accordingly, an ALJ's failure to classify a condition as "severe" is harmless and does not require remand so long as the ALJ continues through the remaining steps of the analysis and considers the condition when formulating the RFC.  *See Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 n.2 (3d Cir. 2007) (citing *Rutherford v. Barnhart*, 299 F.3d 546, 553 (3d Cir. 2005)).

#### 1.      Sleep Apnea

The ALJ did not err when he explicitly considered this impairment and found Plaintiff's sleep apnea to be non-severe.  The ALJ noted that Plaintiff complained of excessive snoring, restless leg syndrome, fatigue, excessive daytime sleepiness, and an inability to sleep.  (AR at 20,

293, 344.)  The ALJ also highlighted that, although Plaintiff testified that she used a continuous positive airway pressure ("CPAP") machine, Plaintiff told her physician that she was not using it. (*Id.* at 20, 50, 367.)  As such, the ALJ explained that there was no objective evidence of "any residual effect or impairment of [Plaintiff's] sleep apnea . . . reflected in the record."  (AR at 20.)

Plaintiff points to no objective medical evidence showing any such limitations and argues only that the ALJ failed to credit her testimony.  (Appeal Br. at 19–20.)  However, it is well established that, while a claimant's subjective complaints must be considered, "the ALJ is not required to credit them."  *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011). Here, the record indicates that the ALJ considered Plaintiff's testimony about her sleep apnea, including that it required her to nap during the day.  (*See id.* at 25.)  The ALJ was unpersuaded given the lack of corroborating objective evidence and the fact that Plaintiff indicated that she does not use her CPAP machine.  *See* SSR 16-3p, 2016 WL 1119029, at *8 (an individual's failure to follow treatment is a relevant factor in ALJ's evaluation of intensity and persistence of subjective complaints).  That credibility determination is given "great deference."  *Horodenski v. Comm'r of Soc. Sec.*, 215 F. App'x 183, 189 (3d Cir. 2007) (citation omitted).

Even though the ALJ was not required to consider Plaintiff's non-severe sleep apnea when formulating the RFC, he did so.  *See Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 n.2 (3d Cir. 2007) (citing *Rutherford v. Barnhart*, 299 F.3d 546, 553 (3d Cir. 2005)).  (AR at 24–25.)  As such, even if the ALJ incorrectly classified Plaintiff's sleep apnea as non-severe, such error is harmless as the ALJ considered the condition when he formed the RFC.  *See id.*

### 2.    Anxiety & Depression

Plaintiff's argument as to her anxiety and depression fares no better.  When evaluating the severity of a mental impairment, the ALJ must consider the four areas of mental functioning

9

described in the disability regulations for assessing mental disorders and in the Listing of Impairments, known as the "Paragraph B" criteria. 20 C.F.R. § 404.1520a(c)(4).

The first functional area considered by the ALJ is "understanding, remembering, or applying information." *Id.* Here, the ALJ found that Plaintiff had a mild limitation. (AR at 21.) Although Plaintiff reported that she has memory issues, she also reported that she can follow written and verbal instructions. (*Id.*) Additionally, a December 2021 mental status assessment and an August 2022 neurologist visit indicated Plaintiff had no memory impairment. (*Id.*) Further, Dr. Christopher Williamson noted that the claimant had an average fund of knowledge in October 2022. (*Id.*)

Second, the ALJ considered Plaintiff's ability to interact with others. 20 C.F.R. § 404.1520a(c)(4). The ALJ found Plaintiff had a mild limitation. (AR at 21.) Even though Plaintiff indicated that she does not socialize much because of her depression, she also testified that she lives with her sister, her brother-in-law, and her mother and does not have any issues getting along with others. (*Id.* at 21–22.) Additionally, during several visits with her medical provider, Plaintiff presented with normal behavior, a euthymic mood, and normal effect. (*Id.* at 22.) Dr. Williamson also observed that Plaintiff was pleasant and cooperative but presented with a depressed and anxious mood. (*Id.*)

The third functional area considered by the ALJ is "concentrating, persisting, or maintaining pace." 20 C.F.R. § 404.1520a(c)(4). Although Plaintiff indicated that she struggles to concentrate, various assessments and examinations indicated that she had a normal thought process, adequate attention, and experienced no hallucinations or delusions. (AR at 22.) As such, the ALJ determined Plaintiff had a mild limitation. (*Id.*)

10

The ALJ then considered the fourth functional area: Plaintiff's ability to adapt and manage herself.  20 C.F.R. § 404.1520a(c)(4).  Again, the ALJ concluded Plaintiff had a mild limitation.  (AR at 22.)  The ALJ noted that Plaintiff was able to dress herself and prepare meals, even though she experienced some limitations.  (*Id.*)  Plaintiff was also able to manage her own finances.  (*Id.*)  Additionally, medical assessments and evaluations indicated that Plaintiff had fair insight and judgment and presented in appropriate dress and hygiene.  (*Id.*)

The ALJ also clarified that, although Dr. Williamson did not do a function-by-function analysis of Plaintiff's work-related capabilities, he still found his opinion persuasive and consistent with the overall medical record.  (*Id.*)  Furthermore, the ALJ explained that state agency psychologist's findings likewise supported his findings that Plaintiff had mild limitations in all four areas of mental functioning.  (*Id.* at 22–23.)

In sum, because the ALJ concluded Plaintiff's mental limitations did not cause at least one extreme limitation or two marked limitations, the Paragraph B criteria were not satisfied.  (*Id.*)  This decision is reinforced with adequate support in the record.

Again, even though the ALJ was not required to consider Plaintiff's non-severe anxiety and depression when formulating the RFC, he still did so.  He indicated that he considered Plaintiff's mild limitations in mental functioning when formulating the RFC, then specifically considered her anxiety and depression when formulating the RFC.  (*See* AR at 23–27.)  As such, even if the ALJ incorrectly classified Plaintiff's anxiety and depression as non-severe, such error is harmless as the ALJ considered the condition when he formed the RFC.

### 3.    Medical Opinion Presentation

Here, the medical evidence, taken as a whole, supports the ALJ's finding that Plaintiff's sleep apnea, anxiety, and depression were not severe.  In reaching his conclusion, the ALJ considered all relevant medical records, including Plaintiff's reported symptoms and testimony,

and based his judgment on substantial medical evidence.  Critically, Plaintiff failed to present a single medical opinion indicating that she had any significant limitations in her abilities to do one or more basic work activities stemming from her sleep apnea, depression, or anxiety.  *See Kellie F. v. Kijakazi*, Civ. No. 20-9013, 2022 WL 203242, at *5 (D.N.J. Jan. 24, 2022) (affirming ALJ's step two determination where "plaintiff refer[ed] to no medical opinion that identifie[d] any functional limitations flowing from her [diagnoses]").  Accordingly, the ALJ did not err in determining Plaintiff's sleep apnea, depression, and anxiety had no more than a minimal effect on her ability to work.

### C.     TIME OFF-TASK

Finally, Plaintiff asserts that the ALJ erred in omitting how long Plaintiff requires in the restroom from the RFC.[1]  (Appeal Br. at 23–25.)  Plaintiff believes this omission is critical, as she may need to use the restroom more than 15% of her 8-hour workday.  (*Id.*)

"Plaintiff bears the burden of proof at the point of RFC determination[.]"  *Diaz v. Astrue*, Civ. No. 07-3220, 2008 WL 4104564, at *6 (D.N.J. Sept. 3, 2008) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).  It is not the Commissioner's burden to disprove a claimant's disability.  *Sykes v. Apfel*, 228 F.3d 259, 262–63 (3d Cir. 2000).  Therefore, a plaintiff must "connect the dots between an omitted medically determinable impairment (or condition) and resulting limitations on her functional capacity, consistent with her burden."  *Vanessa T-H. v. Comm'r of Soc. Sec.*, Civ No. 23-2293, 2024 WL 1635685, at *6 (D.N.J. Apr. 16, 2024) (citing *Louis v. Comm'r of Soc. Sec.*, 808 F. App'x 114, 117 (3d Cir. 2020)).

Here, the Court finds that the ALJ's determination of the RFC is supported by substantial evidence in the record.  A fair reading of the decision shows that the ALJ considered all of

---

[1] Note that Plaintiff failed to raise any objection on this subject before the Appeals Counsel.  (*See* AR at 280–83.)

12

Plaintiff's impairments.  An ALJ need not "perform a 'function-by-function analysis . . . so long as the ALJ's RFC determination is supported by substantial evidence in the record." *Glass v. Comm'r of Soc. Sec.*, Civ. No. 18-15279, 2019 WL 5617508, at *8 (D.N.J. Oct. 31, 2019).  At the administrative hearing, Plaintiff testified that she used the restroom frequently because she had "something" "very large" on her ovary putting pressure on her bladder.  (AR at 54.)  She did not testify as to how many times she went to the restroom during the workday, nor how long each visit lasted.  (*Id.* at 54–55.)  Here, the ALJ considered all of Plaintiff's functions—including her urinary frequency.  Even though the ALJ did not find that Plaintiff had a specific impairment related to this condition, he still included that Plaintiff would require proximate access to a restroom.  (AR at 24.)

Plaintiff heavily relies upon *Williams v. Commissioner of Social Security*, Civ. No. 18-13465, 2019 WL 4574502 (D.N.J. Sept. 20, 2019) in support of her argument.  Unlike here, the plaintiff in *Williams* indicated that he experienced urinary frequency up to ten times per day because of weak pelvic muscle strength.  *Id.* at *2.  The ALJ in *Williams* did not consider or discuss the plaintiff's urinary frequency at all, nor include it in the RFC.  *Id.*  Here, even though Plaintiff denied urinary symptoms throughout her medical records (AR at 324, 356, 379), the ALJ still determined Plaintiff would need proximate access to a restroom during the workday.

In sum, the Court finds that the administrative record reflects that the ALJ considered all of Plaintiff's functions in making the RFC determination, including her lavatory needs.  *See Deraine A. v. Kijakazi*, Civ. No. 23-3157, 2024 WL 3665811, at *8 (D.N.J. Aug. 5, 2024).  The ALJ's failure to account for time-off task therefore does not warrant remand.

13

## V.  CONCLUSION

For the reasons stated above, the Court will **AFFIRM** the ALJ's decision to deny Plaintiff

DIB.  An appropriate Order will follow.

Date: February 9, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

14